Nikolas SASHKO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Anna Sashko, Petitioner,

v.

Immigration and Naturalization Service, Respondent.

Alexander Sashko, Petitioner,

v.

Immigration and Naturalization Service, Respondent.

Nos. 02–71366, 02–71368, 02–71373. Agency No. A71–789–579, A71–789–580, A71–789–581.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 21, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See  Fed. R.App. P. 34(a)(2).

Sydney Jay Hall, Law Offices of Sydney Jay Hall, Burlingame, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison Marie Igoe, John D. Williams, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, TROTT, Circuit Judges, and WEINER,** Senior District Judge.

### MEMORANDUM ***

Nikolas and Anna Sashko, husband and wife, and their son, Alexander, ("Petitioners"), natives and citizens of Belarus, petition for review of the order by the Board of Immigration Appeals ("Board") affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez v. INS*, 82 F.3d 903, 907–08 (9th Cir.1996), and we deny the petition for review.

Petitioners entered the United States as visitors on September 27, 1991. On October 22, 1993, the Immigration and Naturalization Service began deportation proceedings against Petitioners, pursuant to INA § 241(a)(1)(B), for remaining in the United States longer than permitted. Anna's asylum claims are derivative of Nikolas, her husband. Alexander filed a separate application for asylum and withholding on October 12, 1995. Petitioners each concede deportability, but requested asylum and withholding of deportation. After a hearing, the IJ found that petitioners failed to satisfy the relevant statutory requirements, but granted them each the privilege of voluntary departure. The Board summarily affirmed and adopted that decision.

The basic issue is whether petitioners have proven that they are unwilling or unable to return to their home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The Board did not err in finding that petitioners have failed to meet their burden.

■ First, with respect to the treatment of Petitioners in the past by the former government, Nikolas asserts that he was denied certain government opportunities because of his families' ties to the United States and that he was ignored by employers after his resignation from the Communist Party. Petitioners also testified that local newspapers included negative reports of his resignation. The evidence does not compel a reversal of the Board's finding, because the adverse treatment and experiences of the family do not rise to the level of "persecution" within the meaning of the statute. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that to constitute past persecution, threats must cause significant "actual suffering or harm").

■ Second, the record supports the Board's finding that petitioners failed to

** Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prove that they have an objectively reasonable fear of being specifically targeted for persecution if they were repatriated. An asylum applicant must demonstrate a well-founded fear of future persecution with credible, direct, and specific evidence supporting an objectively reasonable fear of persecution. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996). Petitioners contend that they worry about being able to find employment on account of their religious affiliation. This evidence does not compel a reversal of the Board's decision. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Alexander separately contends that he has a well-founded fear of future persecution because he will face military service were he to return to Belarus. Military requirements, however, cannot constitute persecution. *Alonzo v. INS*, 915 F.2d 546, 548 (9th Cir.1990). Accordingly, the Sashkos failed to establish eligibility for asylum or withholding of deportation.

PETITIONS FOR REVIEW DENIED